GRIFFIN, J.
James M. Beveridge [“Beveridge”] appeals the order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
On February 6, 2002, Beveridge was charged by information with leaving the scene of an accident with injury, a third-degree felony, in violation of section 316.027(l)(a), Florida Statutes. The information was amended on March 18, 2002, to include a second count, driving under the influence with serious bodily injury, also a third-degree felony, in violation of sections 316.193(1) and (3)(a)(b)(c)(2), Florida Statutes. Beveridge retained private counsel and entered a written plea of not guilty. The ease was continued several times at Beveridge’s request. Trial was eventually set for September 23, 2002.
On September 19, 2002, counsel for Bev-eridge filed a motion to suppress, asserting as grounds:
1. The defendant was allegedly involved in a Traffic accident in HC [Her-nando County], FL on January 11, 2002.
2. An eyewitness to the accident got a License Tag no. and subsequently two HSCO deputies arrived at defendant[’]s home.
3. Prior to entry into defendant[’]s home the deputies apparently entered the enclosed garage area to ascertain physical damage.
4. The HSCO deputies gained entry to the home without explaining their presence and any permission to enter was under color of authority and certainly not freely or voluntarily given.
*1181 5. The defendant was questioned without benefit of Miranda[1] and apparently no rights were given until after arrival of the FHP Troopers.
6. In actuality the entry into the garage was improper and also entry into the defendant’s] home.
7. The defendant was subsequently taken to the Hospital for Blood Testing.
8. Most of the acts were accomplished without a warrant and should be suppressed.
On the same date, a change of plea hearing was held. In open court, Beveridge filed a signed waiver of rights and plea agreement, withdrawing his previously entered plea of not guilty and entering an open plea of nolo contendere as charged.
The court placed Beveridge under oath and conducted a plea colloquy. Beveridge stated that he was sixty-nine years old, obtained a high school education, could read and write, and was a United States citizen. The court explained that this was the eve of trial and that Beveridge was expressing a desire not to go forward with trial by entering a plea; Beveridge confirmed on the record that this was true. Beveridge said that he had carefully read the plea agreement before signing it and had an opportunity to discuss it with his attorney. He stated he understood the nature of the charges as well as the maximum penalties. Beveridge agreed that he had fully and completely discussed the potential ramifications of the agreement and the punishments he was exposing himself to as a result of entering a plea. He confirmed that he understood the rights he was giving up by entering the plea as well. The court then explained, “And among those rights, the right to raise any type of motions to suppress, which [counsel] has done, but they will not proceed on a hearing because you’re now waiving those rights and those issues pursuant to the plea.” Counsel stated that he was withdrawing the motion to suppress. The court asked Beveridge if he understood, and he responded “yes.” Beveridge indicated that no one had forced, threatened or coerced him into entering the plea, and that he was not under the influence. He stated he was satisfied with counsel’s representation. The court asked counsel if he believed Beveridge was competent to go forth with entry of the plea, to which counsel responded he believed he was competent. Counsel also stated he believed the State could prove a prima facie case, especially in light of the blood test which indicated a .14 blood alcohol level.
The State set forth a factual basis for the charges as follows:
Had we gone to trial, what the State would have proven is that on or about January 11th of 2002, [Beveridge], in Hernando County was driving a motor vehicle in Hernando County, ... and became involved in a motor vehicle accident with an individual that was [pushing a bicycle]. But Mr. Beveridge was involved in the accident by hitting that individual. He proceeded to drive off. He was later located at his residence by law enforcement, along with his vehicle. Items from the vehicle were taken into evidence and compared with evidence at the scene, paint transfers and the like, and they matched. In addition, Mr. Beveridge at that time appeared to the officers to be under the potential influence of an alcoholic beverage. He was taken, a blood draw was performed. The blood alcohol level, as [defense counsel] has stated, was .147 pursuant to the blood. It was analyzed by the Florida Department of Law Enforcement. These incidents resulted in severe bodily injury to the individual, ... who was involved in the accident. The gentleman *1182 nine months later is still living in a rehab center. He’s suffering from brain injury, and frankly, he’s fortunate to be alive.
The court accepted the plea and a presen-tence investigation was ordered.
Sentencing took place on November 7, 2002. Counsel for Beveridge argued for a downward departure sentence, but the court sentenced Beveridge pursuant to the guidelines to 55.05 months’ imprisonment on each of the two counts to be served concurrently.[2] The court recommended that, due to Beveridge’s age, he be housed at a work release center.
Beveridge filed a motion for reconsideration of sentence on November 15, 2002, which was denied by the court. Then on December 30, 2002, Beveridge filed a pro se motion for reduction and modification of sentence, asking to be placed on five years’ probation. On February 6, 2003, counsel for Beveridge filed a motion for mitigation of sentence; this motion was also denied by the court.
Beveridge filed a pro se notice of appeal of the order denying the motion for reduction of sentence, but the appeal was dismissed for lack of jurisdiction. Beveridge then filed a petition for a belated appeal and this court ordered an evidentiary hearing on his entitlement to a belated appeal. After the evidentiary hearing took place, the lower court found that Beveridge did not exercise his right to a direct appeal but, instead, elected to pursue the motion for reduction of sentence such that he was not entitled to a belated appeal.
On February 2, 2004, counsel for Bever-idge filed a motion for post-conviction relief. He alleged two grounds: (1) his plea was involuntary because of the failure to understand the nature of the charge and the consequence of the plea, and (2) counsel was ineffective in failing to adequately investigate the case and file appropriate motions. On ground (2), he specifically stated:
The incident which led to the charges against me occurred on January 11, 2002, at approximately 6:45 p.m. Deputies Santoro and Lamia of the Hernando County Sheriffs Office came to my home shortly afterward. The deputies entered my garage and looked at my car without a warrant and without my consent. The deputies then knocked on the door and, when I answered it, began asking me questions about what happened. At no time did the deputies advise me of my Miranda warnings. Trooper Wagner then came to my house and began to interview me without advising me of my rights. It was only after I told Trooper Wagner that I had been at Kelly K’s and must have hit something that Trooper Wagner advised me of my rights. Mr. Harp began to represent me shortly after my arrest in January 2002. He filed a demand for discovery on January 23, 2003. Mr. Harp never took the depositions of any of the officers involved in my arrest. The only people he deposed were two FDLE evidence technicians and the alleged victim. Mr. Harp’s failure to depose the officers prevented him from determining whether a motion to suppress would be successful. On September 06, 2002, when the case was set for case management, the trial court stated it would not grant leave for taking any depositions. On September 19, 2002, the day I plead [sic] nolo contendere, Mr. Harp filed a motion to suppress any statements made or evidence obtained by law enforcement when they came to *1183 my house on January 11, 2002. he then withdrew the motion to suppress without a hearing. Mr. Harp never discussed with me either the filing of the motion to suppress or its withdrawal. If I had known a motion to suppress might change the evidence available to the state I never would have allowed Mr. Harp to withdraw the motion. The motion to suppress should have been filed well before this date so a hearing could have been held on the motion. If the statements I made at my house and the evidence obtained there had been suppressed, the state would not have been able to proceed with this case.
The .trial court apparently granted an evidentiary hearing on the motion for post-conviction relief as indicated by the minutes in the record of a hearing. There is no transcript of the hearing included in the record, but the minutes show that Bever-idge was represented by counsel, he testified on his own behalf, and his trial counsel testified.
On March 9, 2004, the court entered an order denying Beveridge’s motion for post-conviction relief, reciting at length the events at the change of plea hearing.
Beveridge contends on appeal that he was deprived of effective assistance of counsel. He claims that trial counsel never discussed the filing of a motion to suppress or its withdrawal; that he would not have allowed trial counsel to withdraw the motion if he had known a motion to suppress might change the evidence available to the state; and that the motion should have been filed long before the date he entered his plea. Beveridge contends that the order denying post-conviction relief made no factual findings regarding these allegations which supported the conclusion that trial counsel provided effective assistance. We think the order adequate and affirm. The trial court found that Bever-idge was adequately informed at the plea hearing and that his plea was knowing and voluntary. Like the trial judge, we see nothing in the record to warrant post-conviction relief.
AFFIRMED.
PETERSON and MONACO, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The criminal punishment scoresheet indicated that 55.05 months' imprisonment was the lowest permissible sentence, and that ten years’ imprisonment was the maximum sentence.